```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF LOUISIANA
 2                         LAFAYETTE DIVISION

 3
   UNITED STATES OF AMERICA,    ) CRIMINAL ACTION NO. 6:22-CR-188-2
 4                              )
                  Plaintiff,    )
 5                              )
               vs.              ) JUDGE SUMMERHAYS
 6                              )
   LENSLY JOHNNIE,              )
 7                              )
                  Defendant.    ) MAGISTRATE JUDGE WHITEHURST
 8
```

 9                      CHANGE OF PLEA HEARING

10

11              Transcript of Proceedings before The Honorable

12      Carol B. Whitehurst, United States Magistrate Judge,

13      Lafayette, Lafayette Parish, Louisiana, commencing

14      on March 28, 2023.

15

16   Appearances of Counsel:

17          For the Government:    JOHN LUKE WALKER, AUSA
                                   U. S. Attorney's Office
18                                 800 Lafayette St., Suite 2200
                                   Lafayette, LA 70501

19          For the Defendant:     GERALD J. BLOCK
                                   Attorney at Law
20                                 P. O. Box 53506
                                   Lafayette, LA 70505

21

22

23                  Cathleen E. Marquardt, RMR, CRR
                    Federal Official Court Reporter
24                       800 Lafayette Street
                       Lafayette, Louisiana 70501
25                      Phone:  (337) 593-5223

1          (Lafayette, Lafayette Parish, Louisiana; March 28,

2     2023, in open court.)

3          THE CSO:  United States District Court for the Western

4     District of Louisiana is now in session.  Honorable Judge Carol

5     Whitehurst presiding.  God save the United States and this

6     Honorable Court.

7          THE COURT:  In the matter of United States of America

8     versus Lensly Johnnie, and it's Criminal Number 22-cr-188,

9     Defendant Number 2.  Counsel please make your appearances.

10          MR. WALKER:  Luke Walker on behalf of the United

11     States.

12          MR. BLOCK:  Gerald Block for Lensly Johnnie seated to

13     my right.

14          THE COURT:  All right.  Mr. Block, can you come to the

15     podium with Mr. Johnnie, please.

16          MR. BLOCK:  Yes, ma'am.

17          THE COURT:  And Mr. Johnnie, if you'd raise your right

18     hand, we're going to go ahead and swear you in.

19          COURTROOM DEPUTY:  Do you solemnly swear or affirm that

20     the testimony you give in this case will be the truth, the whole

21     truth, and nothing but the truth, so help you God?

22          THE DEFENDANT:  Yes, ma'am.

23          COURTROOM DEPUTY:  Thank you.

24          THE COURT:  All right.  Mr. Johnnie, do you understand

25     that now that you have been sworn your answers to my questions

1   will subject you to the penalty of perjury or of making a false

2   statement if you don't answer truthfully?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  Do you also understand that I'm a United

5   States magistrate judge.  I'm not a district judge.

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  And do you understand that Judge Summerhays

8   is actually the district judge assigned to your case and has

9   referred this hearing to me?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  And do you understand that, as a magistrate

12  judge, I'm not empowered to accept a guilty plea in a felony

13  case, but I am empowered to talk to you today and to decide

14  whether or not to recommend to Judge Summerhays that he should

15  accept or reject your guilty plea?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  So what I'll do today with your consent is

18  I'll preside over this hearing instead of Judge Summerhays.  I'll

19  take testimony and talk to you regarding your proposed plea, and

20  then after this hearing, the court reporter will transcribe and

21  prepare a transcript of this hearing and provide it to Judge

22  Summerhays, and he will ultimately decide whether to accept or

23  reject your guilty plea after my recommendation.  Do you

24  understand that?

25             THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  And do you waive the right to appear before

2    Judge Summerhays and agree and consent to appear before me today

3    and have me preside over this hearing?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Mr. Walker, I understand there's a written

6    consent.

7          MR. WALKER:  There is, Your Honor.  At this time I'd

8    offer it into the record.

9          MR. BLOCK:  Without objection, Your Honor.

10          THE COURT:  I have been handed the written Consent to

11    Plead Before a United States Magistrate Judge in a Felony Case

12    and Waiver of Objection to Report and Recommendation.  It's been

13    signed by Mr. Johnnie, Mr. Block, and by Mr. McCoy, and I have

14    also signed it, and we'll have filed in the record.

15          Mr. Block, how does Mr. Johnnie intend to plead today?

16          MR. BLOCK:  Your Honor, he would intend to plead guilty

17    to a lesser included offense in Count 1.

18          THE COURT:  All right.  Mr. Johnnie, is that correct?

19    Do you wish to enter a plea of guilty in this matter to the

20    lesser included offense in Count 1 which charges you with

21    possession with intent to distribute controlled substances,

22    namely, heroin?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  All right.  And I would note that he was

25    originally charged under 21 U.S.C. § 841(a)(1) and (b)(1)(B)

1   which requires a minimum of 100 grams of heroin, and he's

2   pleading to the section of the statute, (b)(1)(C), which doesn't

3   require a minimum amount of the controlled substances.

4          Before recommending to Judge Summerhays that he accept

5   your guilty plea, there are a number of questions I need to ask

6   you to assure myself you are entering a valid plea.  So,

7   Mr. Johnnie, if there's any questions you don't understand, or if

8   at any time you want to take a minute and consult with Mr. Block

9   before answering, just let me know because it's essential to a

10  valid plea that you understand each question before you answer.

11  Okay?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Mr. Johnnie, how old are you?

14          THE DEFENDANT:  Thirty-eight.

15          THE COURT:  And how far did you go in school?

16          THE DEFENDANT:  Graduated.

17          THE COURT:  So you read and write and understand the

18  English language?

19          THE DEFENDANT:  Yes, ma'am.

20          THE COURT:  And have you taken any drugs, any

21  medicines, any pills of any kind, or have you drunk any alcoholic

22  beverages within the last 24 hours?

23          THE DEFENDANT:  No, ma'am.

24          THE COURT:  Even any prescription medications?

25          THE DEFENDANT:  No, ma'am.

1          THE COURT:  All right.  And have you ever been treated

2     for any mental illness or addiction to alcohol or narcotic drugs?

3          THE DEFENDANT:  No, ma'am.

4          THE COURT:  All right.  Mr. Johnnie, the reason I ask

5     you these questions is to make sure that you understand what's

6     going on here today and to make sure there's nothing, including

7     any prescription medication, that's interfering with your ability

8     to understand.  So do you understand what's going on here today?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  And can you tell me in your own words what

11     you're doing here?

12          THE DEFENDANT:  Entering a guilty plea.

13          THE COURT:  And do you know what you are pleading to?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  And what's that?

16          THE DEFENDANT:  Possession with intent to distribute

17     heroin, a hundred grams or more.

18          THE COURT:  All right.  And do you -- Mr. Block, do you

19     have any doubt as to Mr. Johnnie's competency?

20          MR. BLOCK:  I have no doubts, Your Honor.  I'm

21     convinced he's competent.

22          THE COURT:  All right.  Mr. Walker, to the extent

23     you've had any interaction -- I doubt you have.

24          MR. WALKER:  I haven't had any interaction, Your Honor.

25          THE COURT:  All right.  Based on Mr. Johnnie's

1   interactions with me today, his answers to my questions and based

2   on his counsel's representation, I do find that he is competent

3   to enter a plea today.

4          Mr. Johnnie, have you had ample opportunity to discuss

5   your case with Mr. Block?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  And are you satisfied with his

8   representation?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  And Mr. Block, has he been furnished with a

11   copy of the indictment?

12          MR. BLOCK:  Yes, Your Honor.

13          THE COURT:  And does he waive the reading of the

14   indictment?

15          MR. BLOCK:  He does, Your Honor.

16          THE COURT:  All right.  Mr. Johnnie, I'm going to go

17   over your constitutional rights at this time which you are

18   waiving by pleading guilty.  Do you understand that, under the

19   constitution and laws of the United States, you are entitled to a

20   trial by a jury of 12 people and that in order to convict you all

21   12 of the jurors would have to agree?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Do you understand that you have the right

24   to plead not guilty and your right to persist in your plea of not

25   guilty?

1               THE DEFENDANT:  Yes, ma'am.

2               THE COURT:  And do you understand that at trial you'd

3   be presumed to be innocent, and that the government would have to

4   overcome that presumption and prove you guilty by competent

5   evidence and beyond a reasonable doubt, and you would not have to

6   prove that you were innocent?

7               THE DEFENDANT:  Yes, ma'am.

8               THE COURT:  And do you understand that, in the course

9   of the trial, the witnesses for the government would have to come

10  to court and testify in your presence, and Mr. Block could

11  cross-examine those witnesses, he could object to evidence

12  offered by the government, and he could offer evidence on your

13  behalf?

14              THE DEFENDANT:  Yes, ma'am.

15              THE COURT:  And do you understand, also, that at trial

16  you'd have the right to testify if you chose to do so, but you'd

17  also have the right not to be compelled to incriminate yourself

18  so you'd have the right not to testify?

19              THE DEFENDANT:  Yes, ma'am.

20              THE COURT:  And do you understand at trial you'd have

21  the right to summon or call witnesses to testify on your behalf?

22              THE DEFENDANT:  Yes, ma'am.

23              THE COURT:  And if I recommend accepting your guilty

24  plea, do you understand that you'll waive your right to trial and

25  all the other rights I've discussed with you if your plea is

1   accepted by Judge Summerhays, and there will be no further trial

2   and there will simply be entered a judgment of guilty, and you'd

3   be sentenced on the basis of your guilty plea?

4           THE DEFENDANT:  Yes, ma'am.

5           THE COURT:  And in pleading guilty do you understand

6   that you will waive your right not to incriminate yourself since

7   I will necessarily have to ask you questions about what you did

8   in order to satisfy myself that you are guilty as charged, and

9   you will have to admit or acknowledge your guilt?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  So what will happen here today is I'll ask

12  you questions about the facts that support your guilty plea, and

13  in order for you to answer me, you'll essentially be

14  incriminating yourself because you are, in fact, pleading guilty.

15  Do you understand that?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  And are you willing to waive your right to

18  remain silent and your right not to incriminate yourself?

19          THE DEFENDANT:  Yes, ma'am.

20          THE COURT:  And are you willing to waive and give up

21  your right to trial and all the other rights I've discussed with

22  you?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  All right.  I'm going to at this time go

25  over the document in your plea packet entitled Elements of the

1    Offense.  Give me one minute while I get to it.

2           All right.  That document states the elements of the

3    offense.  You've been charged in Count 1 of the indictment with

4    possession with intent to distribute controlled substances in

5    violation of 21 U.S.C. § 841(a)(1)(A) and (b)(1)(B), and you are

6    pleading to the lesser offense contained in (b)(1)(C).

7           To be found guilty of this offense, the government must

8    prove each of the following elements beyond a reasonable doubt:

9           First:  That you knowingly possessed a controlled

10   substance;

11          Second:  That the substance was, in fact, a mixture and

12   substance containing a detectable amount of heroin, a Schedule I

13   controlled substance;

14          Third, that you possessed the substance with intent to

15   distribute it; and

16          Fourth:  That the quantity of substance was at least

17   some amount of a mixture and substance containing a detectable

18   amount of heroin, a Schedule I controlled substance.  Do you

19   understand the elements of the offense?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  And the -- this document also contains the

22   definition of possession with intent to distribute, and the

23   elements of aiding and abetting under 18 U.S.C. § 2.  And for you

24   to be found guilty of aiding and abetting, the government would

25   have to prove beyond a reasonable doubt:

1       First:  That the offense of possession with intent to

2  distribute a mixture and controlled substance containing a

3  detectable amount of heroin, a Schedule I controlled substance,

4  was committed by some person;

5       Second:  That the defendant associated with the

6  criminal venture;

7       Third:  That the defendant purposely participated in

8  the criminal venture; and

9       Fourth:  That the defendant sought by action to make

10  that venture successful.

11       Do you understand the elements of aiding and abetting?

12       THE DEFENDANT:  Yes, ma'am.

13       THE COURT:  And it also contains certain definitions,

14  including to associate with a criminal venture and to participate

15  in a criminal venture.  Is that your signature on page 4 of that

16  document, Mr. Johnnie?

17       THE DEFENDANT:  Yes, ma'am.

18       THE COURT:  And did you sign this document only after

19  reviewing the Elements of the Offense thoroughly with Mr. Block?

20       THE DEFENDANT:  Yes, ma'am.

21       THE COURT:  All right.  If the case were to proceed to

22  trial, the government would also have the burden of proving

23  proper venue; that is, the government would have to prove by a

24  preponderance of the evidence that the offense was begun,

25  continued, and completed in one of the parishes that make up the

1   Western District of Louisiana.  And in the Stipulated Factual

2   Basis, it states that the parties agree that the offense did, in

3   fact, occur in the Western District of Louisiana.  Is that

4   correct?

5               THE DEFENDANT:  Yes, ma'am.

6               THE COURT:  All right.  Let's go now to the document in

7   your plea packet entitled Understanding of Maximum Penalty and

8   Constitutional Rights.  On the first page of that document in the

9   center in bold it says, Penalty, Count 1, lesser included

10  offense.  And it states that the maximum term of imprisonment is

11  a term of imprisonment of not more than 20 years, a fine of not

12  more than $2 million or both, a term of supervised release of at

13  least three years, and a special assessment of a hundred dollars.

14  Do you understand the maximum penalty?

15              THE DEFENDANT:  Yes, ma'am.

16              THE COURT:  All right.  This document also contains the

17  constitutional rights that I discussed with you and that you're

18  waiving by pleading guilty.  Is that your signature on page 2 of

19  that document?

20              THE DEFENDANT:  Yes, ma'am.

21              THE COURT:  And did you sign that only after thoroughly

22  reviewing it with Mr. Block?

23              THE DEFENDANT:  Yes, ma'am.

24              THE COURT:  And has the special assessment been paid?

25              MR. BLOCK:  No, Your Honor.  I provided a copy of the

1    form to mail in to his significant other.

2              THE COURT:  All right.  And at this time do you

3    understand, Mr. Johnnie, that the Court also has the authority to

4    order restitution where applicable?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  And the Court will order at this time that

7    the Clerk of Court accept the defendant's payment of the special

8    assessment and any fine or restitution prior to sentencing, and

9    further order that any restitution paid would be held by the

10   Clerk of Court and not disbursed to the victim until the

11   defendant has been sentenced and judgment has been entered.

12             This is not the typical case that restitution would be

13   ordered, but just in the event that I'm wrong.  I don't think

14   it's one that involves restitution.

15             Mr. Johnnie, do you understand that in every criminal

16   case in which a defendant may be sentenced to a term of

17   imprisonment of more than one year, as in your case, in addition

18   to any maximum possible penalty, the Court shall order a term of

19   supervised release to follow any term of imprisonment, and in

20   your case the term of supervised release is at least three years.

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  And do you understand that, while you're on

23   supervised release, you'd be required to abide by any conditions

24   specified by Judge Summerhays and that supervised release might

25   be revoked if you violate any of those conditions?

1              THE DEFENDANT:  Yes, ma'am.

2              THE COURT:  And do you understand that, if supervised

3    release is revoked for any reason, you may be imprisoned for the

4    full term of supervised release without credit for time spent on

5    postrelease supervision?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  And do you understand that the combined

8    time spent in prison under a sentence of imprisonment and a

9    subsequent revocation of supervised release may exceed the

10   statutory maximum?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  And do you understand that the offense to

13   which you are pleading guilty is a felony offense, and if your

14   plea is accepted, you will be adjudged guilty of that offense,

15   and such adjudication may deprive you of valuable civil rights

16   such as the right to vote, the right to serve on a jury, and the

17   right to possess any type of firearm?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  Mr. Johnnie, has anyone, directly or

20   indirectly, threatened you or leaned on you or forced you to

21   plead guilty or told you that, if you do not plead guilty, other

22   charges will be brought against you or any other adverse action

23   would be taken against you?

24             THE DEFENDANT:  No, ma'am.

25             THE COURT:  And I understand that there has been a

1    written plea agreement that has been entered into between you and

2    your counsel and the U. S. Attorney's Office?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  All right.  Do you understand that plea

5    agreements are permissible, and you and all counsel have the duty

6    to disclose the existence and the terms of such agreement?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  And Mr. Walker, I see that the plea

9    agreement contains a motion for acceptance of responsibility.

10             MR. WALKER:  It does.

11             THE COURT:  All right.  Can you outline the remaining

12   terms of the plea agreement?

13             MR. WALKER:  The defendant agrees to plead guilty to

14   the lesser included offense in Count 1 of his indictment, which

15   is the possession with intent to distribute some amount of

16   heroin.  If he fulfills his obligation, the United States moves

17   pursuant to 3E1.1 to give him the initial point for acceptance.

18   The government does not oppose his request for a sentence between

19   77 and 105 months.

20             He knows the maximum penalty which the Court has gone

21   over with him and supervised release.  He knows if he violates a

22   condition of supervised release, he can go back to jail.  He

23   knows that any fine or restitution imposed on part of his

24   sentence has to be payable immediately.

25             He knows that, as part of the presentence

1    investigation, we will make available to the Court all the

2    evidence that was developed in the case, and the sentencing will

3    be governed by U. S. v. Booker and the Sentencing Reform Act;

4    that the sentencing judge alone determines what the sentence is,

5    and a failure of the Court to adhere to a sentencing

6    recommendation would not be a basis to set aside the guilty plea,

7    and that's the entirety of the agreement.

8              THE COURT:  Mr. Block, do you agree?

9              MR. WALKER:  We agree.

10             THE COURT:  All right.  Mr. Johnnie, do you agree with

11   the summary of the plea agreement?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  And Mr. Walker, before the plea agreement

14   was executed, had Mr. McCoy or anyone for the U. S. Attorney's

15   Office communicated to defense counsel every plea offer that the

16   government was prepared to make?

17             MR. BLOCK:  I know that this plea was negotiated

18   between Mr. McCoy and Mr. Block, and I know it's a plea to the

19   lesser which was the best plea that was ever offered to the

20   defense.  I think initially there was a plea that would have been

21   over a hundred grams of heroin, and ultimately he agreed to under

22   a hundred grams of heroin.

23             THE COURT:  All right.  And Mr. Block, you communicated

24   all plea offers to Mr. Johnnie?

25             MR. BLOCK:  Yes, Your Honor.

```
 1              THE COURT:  All right.  Mr. Johnnie, has anyone,
 2    directly or indirectly, made any promise, other than the promises
 3    contained in the plea agreement, that induced you to plead
 4    guilty?
 5              THE DEFENDANT:  No, ma'am.
 6              THE COURT:  And has anyone, directly or indirectly,
 7    made any prediction, prophesy, or promise to you as to what your
 8    sentence would be?
 9              THE DEFENDANT:  No, ma'am.
10              THE COURT:  And do you understand that the
11    U. S.~Sentencing Commission has issued guidelines for judges to
12    consider in determining an appropriate sentence in criminal
13    cases?
14              THE DEFENDANT:  Yes, ma'am.
15              THE COURT:  And do you understand that, while Judge
16    Summerhays must consider those guidelines and use them as an
17    initial benchmark, the Supreme Court has ruled that the
18    guidelines aren't mandatory, so Judge Summerhays could sentence
19    you above or below those guidelines, depending on the particular
20    circumstances of your case?
21              THE DEFENDANT:  Yes, ma'am.
22              THE COURT:  And have you and Mr. Block talked about how
23    the guidelines might apply in your case?
24              THE DEFENDANT:  Yes, ma'am.
25              THE COURT:  And do you understand that, if the
```

1  government is agreeing not to prosecute other counts or charges,

2  this conduct might be considered in the presentence report, and

3  it might increase the sentence to be imposed by the Court?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  And Mr. Walker noted, and I saw in the plea

6  agreement, that it contains an agreement by the government not to

7  oppose your request for a sentencing range between 77 and

8  105 months.

9          Do you understand that any recommendation of sentence

10  agreed to by your counsel and by the U. S. Attorney is not

11  binding on Judge Summerhays, and you might, on the basis of your

12  guilty plea, receive a more severe sentence than recommended, and

13  if Judge Summerhays doesn't accept the recommendation, you won't

14  have the right to withdraw your guilty plea, and you'll still be

15  bound by it?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  And have y'all discussed the concept of

18  relevant conduct, Mr. Block?

19          MR. BLOCK:  We have, Your Honor.

20          THE COURT:  And Mr. Walker, are there any facts known

21  to the government that aren't contained in the stipulated factual

22  basis that affect relevant conduct?

23          MR. BLOCK:  His prior criminal history would be

24  relevant for determining the guidelines, and also he's pleading

25  to a lesser, but obviously there's more than a hundred grams of

1   heroin which would be relevant conduct for purposes of the

2   guidelines.

3            THE COURT:  All right.  Is that correct, Mr. Block?

4            MR. BLOCK:  Yes, Your Honor.

5            THE COURT:  All right.  Mr. Johnnie, do you understand

6   that, under some circumstances, you or the government may have

7   the right to appeal any sentence that's imposed?

8            THE DEFENDANT:  Yes, ma'am.

9            THE COURT:  And do you understand that you may have the

10  right to appeal in forma pauperis, meaning that you might not be

11  responsible for some of the fees associated with the appeal?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  Do you understand that parole has been

14  abolished, and if you are sentenced to a term of imprisonment,

15  you won't be released on parole?  Do you understand that?

16           THE DEFENDANT:  Say that again.

17           THE COURT:  Parole has been abolished, and if you are

18  sentenced to a term of imprisonment, you won't be released on

19  parole.

20           THE DEFENDANT:  Okay.

21           THE COURT:  Do you understand that?

22           THE DEFENDANT:  You mean I won't have parole?

23           THE COURT:  Right.  There's no parole in federal court.

24  You get credit for good time, and I'm sure Mr. Block has

25  discussed that with you, but there's no parole in federal court.

```
 1                    THE DEFENDANT:  Okay.

 2              THE COURT:  Do you understand it?

 3              THE DEFENDANT:  Yes, ma'am.

 4                    (Conferring with counsel.)

 5              THE COURT:  Do you need a minute to discuss this with

 6    Mr. Block?

 7                    THE DEFENDANT:  No, ma'am.

 8              THE COURT:  Or do you understand?  Okay.

 9              All right.  I'll ask you at this time, just because

10    I've asked you about your signature on other documents, if you'd

11    turn to the signature page of the plea agreement.  Is that your

12    signature on that page?  I believe it's page 5.

13                    THE DEFENDANT:  Yes, ma'am.

14              THE COURT:  And did you sign that only after reviewing

15    it thoroughly with Mr. Block?

16                    THE DEFENDANT:  Yes, ma'am.

17              THE COURT:  And then the last document is the

18    Stipulated Factual Basis for the Guilty Plea, and I will ask you

19    if that is your signature on the last page of that document?  And

20    this is a written summary of the government's evidence against

21    you.

22                    THE DEFENDANT:  Yes, ma'am, that's my signature.

23              THE COURT:  All right.  And by signing that document,

24    are you agreeing with the factual summary about what you did?

25                    THE DEFENDANT:  Yes, ma'am.
```

1        THE COURT:  And did you thoroughly review that with

2   Mr. Block prior to signing it?

3        THE DEFENDANT:  Yes, ma'am.  Read it about 20 times.

4        THE COURT:  Okay.  Good to know.  Mr. Block is very

5   thorough.  I do know that.  And I know this was a negotiated

6   plea, so I'm sure there was a lot of back and forth about the

7   stipulated factual basis.

8        Mr. Block, you reviewed it thoroughly with him before

9   you signed this document?

10       MR. BLOCK:  I did, Your Honor.

11       THE COURT:  All right.  Mr. Walker, do you have any

12   filings to make at this time?

13       MR. WALKER:  There is.  At this point the United States

14   would file into the record a plea packet, which includes a copy

15   of the document, the Elements of the Offense that have been

16   signed by all parties, the maximum penalty document which has

17   been signed by all parties, plea agreement documents, and the

18   stipulated factual basis for the plea.

19       MR. BLOCK:  Without objection, Your Honor.

20       THE COURT:  All right.  Those will be admitted.

21       So Mr. Johnnie, how do you plead to Count 1 of the

22   indictment, the lesser included offense, guilty or not guilty?

23       THE DEFENDANT:  Guilty.

24       THE COURT:  Since you acknowledge that you are, in

25   fact, guilty as charged in Count 1, the lesser included offense,

1    and since you know your right to trial, what the maximum possible

2    punishment is, and since you are voluntarily pleading guilty, I

3    will recommend to Judge Summerhays, that he accept your guilty

4    plea and enter a judgment of guilty on your plea.

5            It's my finding and recommendation to Judge Summerhays

6    that, in the case of United States of America versus Lensly

7    Johnnie, Criminal Number 22-cr-188, Defendant Number 2, that

8    Mr. Johnnie is fully competent and capable of entering an

9    informed plea and that his plea of guilty is knowing and

10   voluntary and supported by an independent basis in fact,

11   containing each of the essential elements of the offense

12   referenced, and that Judge Summerhays therefore accept the plea

13   and adjudge Mr. Johnnie guilty of that offense.

14           I will order that a Presentence Investigation Report be

15   done, and I do urge you to cooperate with the probation office in

16   the preparation of that report.  They will come and interview

17   you, and you'll have an opportunity to have Mr. Block present

18   during that interview, but that report is going to go to Judge

19   Summerhays for him to determine the appropriate sentence in your

20   case.  So it's important that you cooperate with the probation

21   office in providing them the information.

22           Once that report is done, it will go to Mr. Block, and

23   Mr. Block is going to review it with you, and you'll have the

24   opportunity to make any objections that you wish to make to the

25   guideline calculations or correct any information, factual

1    information that you believe was misreported.

2              You will also have the opportunity to speak at your

3    sentencing or your attorney can speak for you.  Your sentencing

4    is set before Judge Summerhays on July 6 at 1:30.  Any sentencing

5    memorandum that the defense wishes to file will be due 14 days

6    prior to the sentencing, and any response by the government will

7    be due seven days thereafter.

8              And if counsel intend to submit evidence or testimony

9    at the sentencing hearing, just let Judge Summerhays know so he

10   can schedule the adequate time for the hearing.

11             And it's my order that the court reporter transcribe

12   this hearing and file a copy of the transcript into the record

13   and furnish a copy of the transcript to Judge Summerhays and to

14   me.

15             And it's my further order that the clerk notify the

16   parties of the filing of the transcript, and at that time I'll

17   file my written report and recommendation to Judge Summerhays.

18             Is there anything else that needs come before the Court

19   in this case?

20             MR. WALKER:  No, Your Honor.

21             MR. BLOCK:  No, Your Honor.  Thank you.

22             THE COURT:  All right.  Thank you.

23             Good luck to you, Mr. Johnnie.

24             THE DEFENDANT:  Yes, ma'am.

25                       (Hearing concluded.)

1                    **C E R T I F I C A T E**

2        I, Cathleen E. Marquardt, RMR, CRR, Federal Official Court

3   Reporter, do hereby certify this 9th day of June, 2023, that the

4   foregoing pages 1-23 constitute a true transcript of proceedings

5   had in the above-entitled matter.

6                         */s/ Cathleen E. Marquardt*
                          Federal Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25